IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

INSTITUTO DE EDUCACION
UNIVERSAL, INC.,

    Plaintiff,

    v.                                    CIVIL NO. 98-2225 (RLA)

UNITED STATES DEPARTMENT OF
EDUCATION, RICHARD RILEY,
et al.

    Defendants.

### ORDER FOR GOVERNMENT TO ANSWER COMPLAINT, SETTING INITIAL SCHEDULING CONFERENCE AND INSTRUCTING PARTIES TO FILE MEMORANDUM

Plaintiff tendered a complaint on December 21, 2000 which is hereby ordered filed by the Clerk of the Court in these proceedings. Accordingly, defendant shall file an Answer or otherwise plead **no later than February 26, 2001.**

Further, plaintiff's Notice of Appearance and Request for Conference (**docket No. 28**, filed on November 30, 2000) is **GRANTED.**[1] An INITIAL SCHEDULING CONFERENCE is hereby set for **March 28, 2001, at 2:30 p.m.**

Counsel are reminded of their obligation pursuant to Amended Rule 26(f) Fed. R. Civ. P., effective December 1, 2000 to confer

---

[1] See also defendant's Response to Plaintiff's Request for Conference and Opposition to Request for Production of Documents (**docket 29,** filed on December 8, 2000), which is **MOOT.**



AO 72
(Rev 8/82)

CIVIL NO. 98-2225 (RLA)                                                                                                    Page 2

---

regarding their respective claims and defenses and to explore settlement options.

**JOINT ISC MEMORANDUM**

The parties shall file **on or before March 16, 2001** a JOINT INITIAL SCHEDULING MEMORANDUM with the following information:

1. Factual version of the case.

2. Applicable legal theories.

3. The name and, if known, the address and telephone number of each individual likely to have discoverable information that the party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information[2] and/or proposals pursuant to Amended Rule 26(f) Fed. R. Civ. P., effective December 1, 2000.

4. A description by category and location of, all documents, data compilations and tangible things that are in the possession, custody, or control of each party and that the party may use to support its claims or defenses, unless solely for impeachment[3] and/or proposals pursuant to Amended Rule 26(f) Fed. R. Civ. P., effective December 1, 2000.

---

[2] See Amended Rule 26(a)(1)(A) Fed. R. Civ. P., effective December 1, 2000.

[3] See Amended Rule 26(a)(1)(B) Fed. R. Civ. P., effective December 1, 2000.

5.  List of expert witness(es) with reference to respective field(s) of expertise.

The written reports for the expert witnesses shall include:

> "[A] complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

Rule 26(a)(2)(B) Fed. R. Civ. P.

The parties are admonished that additional witnesses, whether fact or expert, will not be permitted unless allowed by the Court upon good cause shown.

**CIVIL NO. 98-2225 (RLA)**                                                      **Page 4**

---

6. A computation of any category of damages claimed a party[4] and/or proposals pursuant to Amended Rule 26(f) Fed. R. Civ. P., effective December 1, 2000.

7. A description of any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment[5] and/or proposals pursuant to Amended Rule 26(f) Fed. R. Civ. P., effective December 1, 2000.

8. Itemization of all discovery to be conducted, including interrogatories,[6] requests for admissions and depositions as well as JOINTLY PROPOSED DEADLINES for each of the following categories of discovery:

- Deadline for parties to propound all written discovery.
- Deadline for plaintiff to identify all expert witnesses (if unknown at the time of filing the ISC memorandum).
- Deadline for conclusion of all fact witnesses depositions.

---

[4] See Amended Rule 26(a)(1)(C) Fed. R. Civ. P., effective December 1, 2000.

[5] See Amended Rule 26(a)(1)(D) Fed. R. Civ. P., effective December 1, 2000.

[6] Interrogatories shall be limited to no more than twenty-five (**25**) questions. See Rule 33(a) Fed. R. Civ. P.

**CIVIL NO. 98-2225 (RLA)**                                                            **Page 5**

---

- Deadline for submission of reports of all plaintiff's expert witnesses.

- Deadline for conclusion of depositions of all of plaintiff's expert witnesses.

- Deadline for defendant to identify all expert witnesses (if unknown at the time of filing the ISC memorandum).

- Deadline for submission of reports of all defendant's expert witnesses.

- Deadline for conclusion of depositions of all defendant's expert witnesses.

- Deadline for serving dispositive motions to opposing counsel.

9. If a party intends to amend its pleadings, join parties, or file a third party complaint, reference must me made as to the specific action that it wishes to take, identifying both the parties and the relief sought.

10. For all dispositive motions the parties anticipate filing:

    a. Identify the proponent;

    b. Describe the nature and subject matter of the motion;

    c. Identify the party(ies) against whom the motion will be addressed; and

    d. The expected date for submission of the dispositive motion in accordance with the AMENDED STANDING ORDER issued on May 19, 1998 setting forth the PROCEDURE FOR FILING

DISPOSITIVE MOTIONS IN CIVIL CASES ASSIGNED TO JUDGE RAYMOND L. ACOSTA.

11. Any other matter the parties deem appropriate.

Failure to comply with the terms of this Order shall result in the imposition of sanctions including but not limited to the dismissal of the complaint, entry of default and/or sanctions against counsel personally.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 13 day of February, 2001.

RAYMOND L. ACOSTA
United States District Judge

AO 72
(Rev 8/82)