# EXHIBITS

1. Notice of Levy of June 17, 1998.
2. Notice of Offset of February 6, 1997.
3. Reimbursement Requests Table and Process Flowchart
4. Injunctive Relief Petition before the USDCDPR.

**Certificate of Service**

I, Angel Ruiz-Rivera, appearing for the Petitioner, Pro Se and IFP, hereby certify that a copy of this Petition was served through mail to Donald L. Korb, Esq., Chief Counsel, IRS, 1111 Constitution Avenue, NW, Washington, DC 20224 and the U.S. Attorney for the D.C., Mr. Kenneth L. Wainstein, Esq., 555 4th.St., NW., Washington, D.C. 20530. (202) 514-7566.

10

EXHIBIT 1

Notice of Levy

Form 668-A(c) (DO)
(Rev. August 1994)

NOTICE OF LEVY

DATE:                    DISTRICT:                              TELEPHONE NUMBER
                                                                OF IRS OFFICE
REPLY TO: JUNE 17, 1998          O/C IRS-1

        Internal Revenue Service
        Mercantil Plaza Building
        2 Ave Ponce De León, Suite: 904
        San Juan, Puerto Rico 00919-1693        NAME AND ADDRESS OF TAXPAYER:
        ATTN: NORBERTO RUIZ

TO: U.S. DEPT. OF EDUCATION                     INSTITUTO DE EDUCATION UNIVER
    OFFICE OF GENERAL COUNSEL                   INC.
    600 INDEPENDENCE AVE. SW                    P.O. BOX 191209
    WASHINGTON, D.C. 20202                      SAN JUAN, P.R. 00919-1209
    ATTN: LEDA GIE MONTIRO

                                                IDENTIFYING NUMBER(S):
                                                66-0384887

| Kind of Tax | Tax Period Ended | Unpaid Balance of Assessment | Statutory Additions | Total |
|---|---|---|---|---|
| 941PR | 06/30/95 | $ 189,297.10 | $ 107,847.31 | $ 297,144.41 |
| PR | 09/30/95 | 287,570.00 | 135,633.59 | 423,203.59 |
| 41PR | 12/31/95 | 249,274.79 | 112,486.44 | 561,761.23 |
| 6672 | 12/31/95 | 336,842.83 | 45,477.52 | 382,320.35 |

THIS LEVY WON'T ATTACH FUNDS IN IRAs, SELF-EMPLOYED INDIVIDUALS' RETIREMENT
PLANS, OR ANY OTHER RETIREMENT PLANS IN YOUR POSSESSION OR CONTROL, UNLESS
IT IS SIGNED IN THE BLOCK TO THE RIGHT. ———————————————————►

Total Amount Due ►  1,464,429.58

We figured the interest and late payment penalty to ——————— 09/30/98

        The Internal Revenue Code provides that there is a lien for the amount that is owed. Although we have given the notice
and demand required by the Code, the amount owed hasn't been paid. This levy requires you to turn over to us this
person's property and rights to property (such as money, credits, and bank deposits) that you have or which you are already
obligated to pay this person. However, don't send us more than the "Total Amount Due."
        Money in banks, credit unions, savings and loans, and similar institutions described in section 408(n) of the
Internal Revenue Code must be held for 21 calendar days from the day you receive this levy before you send us the
money. Include any interest the person earns during the 21 days. Turn over any other money, property, credits,
etc. that you have or are already obligated to pay the taxpayer, when you would have paid it if this person asked for
payment.
        Make a reasonable effort to identify all property and rights to property belonging to this person. At a minimum, search
your records using the taxpayer's name, address, and identifying numbers(s) shown on this form. Don't offset money this
person owes you without contacting us at the telephone number shown above for instructions. You may not subtract a
processing fee from the amount you send us.

To respond to this levy:
1.  Make your check or money order payable to Internal Revenue Service.
2.  Write the taxpayer's name, identifying number(s), kind of tax and tax period shown on this form, and "LEVY PROCEEDS"
    on your check or money order (not on a detachable stub.).
3.  Complete the back of Part 3 of this form and mail it to us with your payment in the enclosed envelope.
4.  Keep Part 1 of this form for your records and give the taxpayer Part 2 within 2 days.
If you don't owe any money to the taxpayer, please complete the back of Part 3, and mail that part back to us in the
enclosed envelope.

Signature of Service Representative                    Title  REVENUE OFFICER

Part 5 - IRS (TDA) COPY                                FORM 668-A(c) (DO) (Rev. 8-94) 15704T

095

EXHIBIT 2

2. Notice of Offset of February 6, 1997.



# UNITED STATES DEPARTMENT OF EDUCATION
### OFFICE OF THE CHIEF FINANCIAL OFFICER

<u>Via Federal Express</u>

February 6, 1997

Angel Ruiz Rivera
President, Instituto de Educacion Universal
c/o Benny Frankie Cerezo, Esq.
Hostos 848 Hyde Park
San Juan, Puerto Rico 00927-4216

<u>Notice of Offset</u>

Dear Mr. Rivera:

This letter is to inform you that the United States Department of Education (Department) intends to collect by administrative offset a debt in the amount of $1,631,699 which Instituto de Educacion Universal (IEU) owes the Department. This administrative offset is taken in accordance with the Department's Debt Collection regulations, 34 C.F.R. § 30.20 - 30.31 (1995). The administrative offset is based on the following outstanding liabilities: 1) a liability of $720,386 resulting from a Final Program Review Determination (FPRD) dated June 3, 1996 (PRCN 199530200074), 2) a liability of $756,864 resulting from a Final Audit Determination (FAD) dated June 28, 1996 (ACN 02-40075), 3) a liability of $4,449 resulting from a FAD dated September 17, 1996 (ACN 02-54007), and 4) a $150,000 fine resulting from the termination action against IEU. The administrative offset will remain in effect until IEU pays all outstanding liabilities, interest, penalties, and administrative costs owed to the Department.

IEU's right to inspect and copy Department records pertaining to the debt and its right to obtain a review within the Department of the existence and amount of the debt were provided previously under the provisions of 34 C.F.R. Part 668, Subpart H. IEU availed itself of this procedure when it appealed the liabilities. Pursuant to the provisions of 34 C.F.R. § 30.22(d), the Department will offset this debt without providing the institution a second opportunity to contest the debt

The Department will offset the liabilities and fine pursuant to the provisions of 34 C.F.R. § 30.28 because the failure to offset at this time could substantially prejudice the Department's ability to collect the debt. 34 C.F.R. §§ 668.24(c)(2)(ii), 668.123. Specifically, the Department's Hearing Office upheld IEU's termination of eligibility to participate in the programs authorized under Title IV of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1070 et seq., ("Title IV, HEA Programs"). See In the Matter of Instituto de Educacion Universal, Docket No. 96-28-ST (January 24, 1997). The Department has determined that IEU's closure is a likely result of the termination because of the significant revenue IEU derives from the Title IV, HEA

400 MARYLAND AVE., S.W.   WASHINGTON, D.C. 20202

Our mission is to ensure equal access to education and to promote educational excellence throughout the Nation.

FEB-10-1997   12:51                    202 401 9533                              94%                    P.04

Angel Ruiz Rivera
Page 2

programs and IEU's repeated representations that without Title IV funding the school will close.
Given these circumstances, the Department concludes that immediate offset is necessary to
recover this claim.

Under 34 C.F.R. § 30.28(b), the Department will refund any amount that is later found
not to be owed to the Department.

If you have any questions regarding the Department's actions, please call me at (202)
401-1450.

Sincerely,

Nancy L. Hoglund

Nancy L. Hoglund, Director
Accounts Receivable Management Group

EXHIBIT 3

Reimbursement Requests Table and Process Flowchart .

## TABLE OF REIMBURSEMENT PACKAGES

| | AMOUNT INVOICED | | | AMOUNT PAID | DIFFERENCE | DATE SENT | DATE PAID | DATE ELAPSED |
|---|---|---|---|---|---|---|---|---|
| 1 | $839,958 | | | $839,958 | $0 | 01/10/96 | 01/23/96 | 13 |
| 2 | $449,906 | T | $73,805 | $376,101 | $73,805 | 02/03/96 | 02/29/96 | 26 |
| | | C | $376,108 | | | | | |
| 3 | $576,440 | | | $576,440 | $0 | 03/12/96 | 04/09/96 | 28 |
| 4 | $195,351 | | | $166,045 | $29,306 | 04/18/96 | 05/23/96 | 35 |
| 5 | $685,913 | | | $610,713 | $75,200 | 04/29/96 | 06/11/96 | 43 |
| 6 | $394,367 | | | $113,126 | $281,241 | 05/25/96 | 09/09/96 | 107 |
| 7 | $302,437 | C | | $302,437 | $0 | 06/17/96 | 07/05/96 | 18 |
| 8 | $88,363 | C | | $88,363 | $0 | 06/28/96 | 09/09/96 | 73 |
| 9 | $136,910 | | | $126,380 | $10,530 | 07/31/96 | 09/09/96 | 40 |
| 10 | $535,719 | T | $376,445 | $169,497 | $326,637 | 10/28/96 | 11/27/96 | 30 |
| | | C | $159,274 | $39,585 | | | 12/05/96 | 38 |
| 10R | $442,369 | T | $283,095 | $169,497 | $156,099 | 10/28/96 | 11/27/96 | 30 |
| | | C | $159,274 | $39,585 | | | 12/05/96 | 38 |
| | | | | $77,188 | | 11/28/96 | 12/20/96 | 53 |
| 11 | $114,685 | | | $0 | $114,685 | 11/20/96 | n/a | 84 |
| 12 | $205,125 | SE | | $0 | $205,125 | 12/16/96 | n/a | 68 |
| 13 | $140,210 | | | $0 | $140,210 | 01/08/97 | n/a | 35 |
| 10 | $4,665,384 | TOTAL | | $3,408,645 | $1,256,739 | | | |
| 10R | $4,572,034 | TOTAL | | $3,408,645 | $1,163,389 | | | |
| | $1,100,000 | | | | | | | |
| | $5,672,034 | | | $3,408,645 | $2,263,389 | | | |

* Estimate considers approximate re-computation of clock hours per Judge O'Hair's 1/27/97 decision (refer to Docket Nos. 96-28-ST, 96-93-SP and 96-103-SA)

Z - Also the analysis does not contain late refund of $1,120,000 to offset the previous year amount in Pell Grant Statement of Account

**TIMELINE OF REIMBURSEMENT RELATED EVENTS**

**OCTOBER 1995 - JANUARY 1996**

October 16, 1995

December 12, 1995 — Meetings with David Longanecker

December 14, 1995 — Meeting with David Longanecker

December 15, 1995

December 29, 1995 — IEU submits first reimbursement request

January 9, 1996

January 19, 1996

IEU unilaterally changed to Reimbursement Payment Method

Meeting with Madame Kunin and Romero Barcelo

Letter of Mr. Padilla Esq notifying Dr Longanecker of IEU's decision to file claim

USDE makes first payment of $839,958



TIMELINE OF REIMBURSEMENT RELATED EVENTS

FEBRUARY 1996 - MAY 1996

**February 29, 1996**

USDE notifies IEU of its intention to terminate eligibility for administering Title IV funds

USDE PAYS $376,101 (deducting$73,085 of the clock hour students ) although paying students corresponding to College Division and measured in credit hours

**March 12, 1996**

IEU sends 3rd reimbursement request for $570,440 in clock-hour students

USDE PAYS $576,440 OF 3RD RR fully

**April 9, 1996**

IEU sends 4th reimbursement request for $195,351

IEU sends 5th reimbursement request for $685,913 for clock-hour students

**April 18, 1996**

**April 29, 1996**

Angel Ruiz meets with Ms. Nautochia Robinson and Ms. Ann Marie Cimino in NY USDE Regional Offices

**May 15, 1996**

Letter by Ms. Nautochia Robinson selecting one list of students to have complete attendance records

**May 20, 1996**

Letter sent to David Morgan citing harassment

USDE pays $166,045 of 4th reimbursement request deducting $26,306 ($25,796 for refunds corresponding to withdrawals requested and $3,510 following further documentation

**May 21, 1996**

**May 23, 1996**

IEU sends 6th reimbursement request for $394,367

**May 25, 1996**

David Morgan letter denying petition by Angel Ruiz not to be asked for attendance records of students since it was not required in the Reimbursement Manual or Instructions

Angel Ruiz and his lawyers meet with David Morgan in Washington D.C.

**May 29, 1996**

**May 31, 1996**

**TIMELINE OF REIMBURSEMENT RELATED EVENTS**

**JUNE 1996 – JULY 1996**

USDÉ pays $610,713 corresponding to 5th RR deducting $75,200 for unknown reasons

Ms Nautochia Robinson writes requesting attendance records for students listed pages 3 and 6

Angel Ruiz denounces to Ms Nautochia Robinson this new form of harassment

Peter Palos letter to Nautochia Robinson objecting to the requests for information about students whose awards were not paid

Ms. N. Robinson writes about specific cases with problems

Attendance records requested are sent under protest

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| June 5, 1996 | June 11, 1996 | June 17, 1996 | June 25, 1996 | June 26, 1996 | June 28, 1996 | July 5, 1996 | July 11, 1997 | July 23, 1996 | July 30, 1996 | July 31, 1996 |

USDE requests additional information for 10 students

IEU sends 7th RR for $302,437 fully corresponding to Credit Hour College Division students

Ms. Nautochia Robinson changes her position of previous day and requests this time for attendance records of the total universe of students instead of a sample

USDE pays fully $302,437 of credit-hour students

IEU files Injunctive Relief Petition and complaint at US District Court in PR

IEU sends 9th RR for $136,910 for clock-hour students



**TIMELINE OF REIMBURSEMENT RELATED EVENTS**

Angel Ruiz letter to Ms Gibbons objecting to tactics for delaying payment based on Form 270 signature

IEU files TRO

Angel Ruiz writes Secretary of Education informing him of IEU electing not to participate and to proceed to pay students directly

Ms Bonnie Gibbons sends a fax dated September 4, 1996 informing the status of the 6th RR of May 25, 1996, 8th RR of June 17 and the 9th RR

US District Court denies Injunctive Relief

August 1, 1996
August 2, 1996
August 6, 1996
August 9, 1996
August 19, 1996
August 21, 1996
September 5, 1996
September 6, 1996
September 9, 1996
September 18, 1996
September 20, 1996

Ms Bonnie Gibbons requests for Form 270 to be signed by Angel Ruiz (not by Peter Palos)

IEU sends requested documents to Ms. N Robinson

Angel Ruiz, under protest, submits requested forms

Hearing on Injunctive Relief

Hurricane Hortense

Ms Gibbons sends letter IEU explaining which group of students were not paid and why

**AUGUST 1996 – SEPTEMBER 1996**

**TIMELINE OF REIMBURSEMENT RELATED EVENTS**

**OCTOBER 1996 - DECEMBER 1996**



**October 25, 1996**
- IEU submitted 11th RR for $114,749
- pertaining to Technical Division and $159,275 to College Division

**November 20, 1996**
- Ms. Bonnie Gibbons request additional information

**November 21, 1996**
- Ms. B Gibbons called Angel Ruiz to inform of approval of $169,497 pertaining to portion of clock-hours students and promise of paying credit-hour students by Dec. 2 or Dec 3

**November 27, 1996**
- Ms. Gibbons informs Mr Palos that work not finished and needed another 48 hours

**December 3, 1996**
- Mr. Palos calls Ms. Gibbons and receives no reply

**December 5, 1996**
- Ms. Gibbons informs Mr Palos of need for more time, advances to him that only $39,000 of the credit hour portion will be paid

**December 9, 1996**
- Mr. David Morgan and Ms. Bonnie Gibbons do not answer calls. IEU sends fax notifying of sending Mr. Seda. Ms. Gibbons calls Peter Palos at home to tell him that she is not going to be available. AT 1654 hours she sends Fax asking for coordination.

**December 11, 1996**
- David Morgan receives Mr Seda and reschedules him for December 17, 1996

**December 12, 1996**
- Ms. Gibbons sends fax explaining her position

**December 13, 1996**
- Mr. Seda handles Ms. Robinson 12th RR for $205,125 in New York

**December 16, 1996**
- Angel Ruiz and Milton Seda meet with Ms. Gibbons to discuss issue of offset funds against 10th RR

**December 17, 1996**
- IEU calls Ms. Gibbons/Mr Morgan to learn of their decision, but to no avail

**December 18, 1996**

**December 19, 1996**
- Ms. Gibbons notified Mr. Seda that she was only paying $77,188 of funds owed to IEU.



TIMELINE OF REIMBURSEMENT RELATED EVENTS

JANUARY 1997 - MAY 1997

Letter from A. Ruz to Dr. Morgan requesting why balances pending of the 6th and 10th RR had not been paid

D. Morgan letter advancing a decision on all the RR pending would be produced in "20 hours"

Letter of D. Morgan to A. Ruiz responding to letter of August 21, 1996 to Secretary Riley regarding direct payment to students

IEU requests for a payment plan instead

Letter of Dd. Morgan to A. Ruiz responding to letter of August 21, 1996 to Secretary Riley regarding direct payment to students which had been sent originally on January 30, 1997, but returned to them on Feb. 26, 1997 because they used old P.O. Box

IEU students get their student loans rejected due to alleged loss of eligibility claimed by GLHEC

January 8, 1997
January 14, 1997
January 21, 1997
January 23, 1997
January 24, 1997
January 30, 1997
February 6, 1997
February 7, 1997
February 28, 1997
March 3, 1997
March 18, 1997
March, April, May 1997

Morgan ruiz re sobre to Robinson Form PMS-270 allegedly missing from 11th RR sent on Nov. 20, 1996

Mr. Seda follow-up letter to N. Robinson and D. Morgan

ALJ Richard O'Hair issues administrative decision

USDE Notice of Offset

IEU submits appeal to ALJ's decision and appeal to the Notice of Offset decision

Letter of A. Ruiz to D. Morgan reacting to the latest events and the claim in D. Morgan's letter of Jan. 30, 1997, but not received until March 3, 1997, that the USDE had stopped paying the students directly 10 years ago

EXHIBIT 4

Injunctive Relief Petition

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

INSTITUTO DE EDUCACION UNIVERSAL

V.

U.S. DEPARTMENT OF EDUCATION

98-2225 (RLA)

### INJUNCTIVE RELIEF PETITION

To the Honorable Court (HC):

Comes now the Plaintiffs', Angel Ruiz Rivera (ARR), appearing here on his own right (Pro Se); In Forma Pauperis (IFP), and in representation of IEU,[1] the defunct since 1998 legal fiction and respectfully states, alleges and prays as follows:

**I. Introduction**

1. Recently, on October 26, 2004, this HC issued a summary judgment order and opinion in the above referenced case after having been filed more than six (6) years ago.

2. Most recently, the appearing counsel for the Plaintiffs's has moved to resign due primarily to the Plaintiffs' incapacity to pay the legal firm the tens of thousands of dollars in honoraria owed, due to our IFP economic status.

---

[1] Pursuant to the authority of the previous cases where ARR has temporarily represented IEU while he retains counsel for the defunct legal fiction. See 99-1328 and 99-1628. According to the rationale of the First Circuit in allowing my representation temporarily by way of exception, this appearance of an officer in representation of an entity is accepted in circumstances such as this where there is too short time to file a motion for reconsideration under Federal Rule of Civil Procedure 59, (10 days) and this coincides with the resignation of the pre-existing legal representation.

1

3. Since this HC and the Honorable U.S. Court of Appeals for the First Circuit (HUSCA1C) have before informed this litigant that he cannot represent IEU, except temporarily by way of exception in circumstances such as this, I am respectfully filing this Injunctive Relief Petition, since same is needed so that IEU may exert its right to appear by counsel of its choice. As this HC knows better than I do, if IEU cannot continue to pursue its causes of action here, not only the rights of 5,000 students and 500 employees will be devastated but idem will happen to my rights personally. As this HC also knows, as President-Founder, fiduciary agent and person responsible for IEU, regardless of the fact that the corporation has been defunct and legally non-existent since August 1998, all the collections efforts by the U.S. Department of Education (USDE) (Exhibit 1) and the Internal Revenue Service (IRS) and the U.S. Department of the Treasury (USDT) (Exhibit 2) regarding this and ancillary litigation are addressed and directed to yours truly. Since the IRS have made me the person responsible for IEU's owed FICA and FUTA taxes, I am permanently civilly and criminally exposed to the legal liabilities and punishment that may be imputed or imposed by this system of "Justice" against the now extinct corporation. For this reason alone, without more, this HC has enough fundament to grant this petition. For all the reasons that will emerge from the rest of this Petition, this HC will have more than enough fundaments to grant this petition.

## II. Injunctive Relief Petition

In order to be able to establish the facts that justify the granting of this injunction, we must make reference to the summary judgment recently issued. Please bear with us. We will first address the "Facts", as per this HC's opinion, making reference to the specific number used by this HC, but in the order of relevance and pertinence to our arguments.

1) The HC ruled that it was an uncontested fact that:

    20) " **On March 12, 1996,** USDE notified Plaintiff of its intent to **terminate** the school's eligibility to participate in the Title IV programs and to fine it $275,000 for the programmatic violations identified in the program review and audit."
    21) "Plaintiff appealed the termination and fine actions on **April 1, 1996.**"

The Plaintiffs's do not object this determination of fact since it is correct. What the Plaintiffs' do object is what the HC perhaps inadvertently omitted about this fact, which is what is significant so that the facts are put in proper perspective. To start, **the HC fails to recognize the also undisputed fact that the Plaintiffs' appeal was timely filed**. This undisputed fact is pertinent and relevant for reasons that will become clear below. Very respectfully, the above undisputed fact must be evaluated together with the following undisputed facts:

    13) "On **June 28, 1996,** SFAP issued a Final Audit Determination (FAD) based on the OIG final audit report covering the 1991-92, 1992-93, and 1993-94 award years."
    15) "Plaintiff appealed the FAD on **August 12, 1996**".

    **Again, the HC fails to recognize that this appeal was timely filed.**

    18) "On **June 3, 1996,** SFAP issued a Final Program Review Determination (FPRD) that assessed liabilities for the refund finding in the amount of $720,386, to include $655,554 for Plaintiff's failure to make 512 refunds during 1994-95."
    19) "On **July 17, 1996,** Plaintiff appealed the FPRD."

    **Again, the HC fails to recognize that this appeal was timely filed.**

    (22) "The USDE's hearing official consolidated all three administrative actions involving Plaintiff."
    (23) "An administrative hearing was held in San Juan, Puerto Rico, in **October 1996.**"
    (24) "The hearing official issued his decision on **January 24, 1997.**"
    (25) " The hearing official affirmed the excess cash finding and the refund finding and assessed the associated liabilities. **He reversed the clock hour finding in part**, and reduced the amount of the time to $150,000. The hearing official terminated Plaintiff's Title IV eligibility.
    26) "**Both parties appealed** the hearing official's decision to the Secretary."
    27) " In the final agency action, issued on **October 28, 1997,** the Secretary affirmed the hearing official's excess cash and refund findings, but reversed the hearing official's

clock-hour finding. Reinstating the full liabilities. The Secretary sustained the amount of the fine, **but reversed Plaintiff's Title IV eligibility termination.**"

28) "The Office of Student Financial Assistance (SFAP) filed a motion for reconsideration that was denied on **January 9, 1998.**"

The pertinence and relevance of all the above undisputed facts are the following:

1) The HC does not explains nor could it, simply because the USDE did not, how could the USDE had initiated on **March 12, 1996**, a termination action against IEU, when at this juncture, its administrative actions were obviously not final since the FAD and the FPRD had not even been issued (**June 28, 1996 and June 3, 1996**). Actually, IEU and ARR did not even know what were the final "findings" and liabilities imputed when the USDE had already initiated their termination upon which all their money was preconfiscated. Evidently this is a blatant violation of IEU's constitutional procedural due process guarantees under the Fifth Amendment, the statutory provisions of the Administrative Procedures Act (APA) (5 U.S.C.) and the regulatory provisions under 34 Code of Federal Regulations (C.F.R.-Education). When the FAD and FPRD were finally issued, they were both timely appealed as we have seen. Thus, they never became final. Notwithstanding this, extremely punitive and pre-confiscatory actions were taken against IEU, even before its FAD and FPRD were final, and before IEU had availed itself of its constitutional, statutory and regulatory rights to respond, have a due process hearing and request this judicial review through appeal.

2) This blatant violation of the Plaintiffs' constitutional procedural due process guarantees, statutory and regulatory provisions is more than significant due to the undisputed fact that **the Secretary in his final agency decision, on October 28, 1997, revoked his hearing official's decision to terminate the Plaintiffs' eligibility.**

4

3) This undisputed fact is even more significant when you consider that the **Secretary affirmed on January 9, 1998, the final agency decision not to terminate Plaintiffs' eligibility** even when its own Office of the Inspector General (OIG) and Office of the General Counsel (OGC) Chief Counsels, both, joined in a Motion for Reconsideration, to no avail.

4) The problem with the above, is how can this HC or any for this matter, justify the obviously unripe and consequently unconstitutional and pre-confiscatory termination action of the Plaintiffs' eligibility by the Defendant's as of March 12, 1996, when: 1) Not even the FAD nor the FPRD had been issued; 2) the Plaintiffs' timely responded and appealed both, consequently impeding that they became final; 3) the Administrative Law Judge (ALJ) eventually ruled against the USDE in terms of the FAD "clock-hour finding", the one with the highest monetary liability imputed; 4) even when the Secretary reinstated it, he revoked that same "termination" (See October 28, 1997, Secretary's Decision at p.8, affirmed on January 9, 1998, Final Decision); and, 5) even when its OIG and OGC Chief Counsels moved for reconsideration, the agency's highest authority, the Secretary, affirmed that the unripe termination was definitely and ultimately "unwarranted for lack of evidence of intentional wrongdoing".

5) The above undisputed facts are pertinent and relevant because they serve to prove without any doubt, that the actions taken by the Defendant against the Plaintiffs' were not only premature and consequently unripe, but that eventually they never prevailed in terms of the most significant issue at stake here which was undoubtedly termination. The pertinence and relevance of the above undisputed facts, omitted altogether by this HC in its opinion, is that the USDE also prematurely initiated punitive and pre-confiscatory actions against the Plaintiffs', relying on the above "termination" which eventually never became final, much less was it at March 12, 1996,

5

when it was initiated, a time when the FAD and the FPRD had not even been issued. The above

mentioned punitive and preconfiscatory actions occurred when the USDE: 1) predeprivated IEU

of its flow of funds when unilaterally and in breach of the contract it had with IEU, switched it to

the reimbursement method of payment, also without any due process and subsequently took

additional retaliatory measures against IEU when: 2) it predeprivated and preconfiscated the

Plaintiffs' of all the funds owed to them through the reimbursement requests that had been

systematically and deliberately delayed in disbursing to start with, by effectuating an illegal and

confiscatory taking of property through a clearly unripe Notice of Offset on February 7, 1997

[after IEU had filed an Injunctive Relief Petition and Complaint against the USDE on July 23,

1996 at this same court, 96-1893 (JAF)]. See Notice of Offset at p. 2 where it affirms that the

extreme measure was taken based on the "termination" decision of the ALJ. [2] (Exhibit 4).

"Termination" that we all know that eventually never came into being since it was overruled by

the Secretary.

6) This undisputed fact is significant because in addition to the obvious, that the USDE

did not have a legal right to pre-confiscate more than $2.263 million dollars owed to IEU

students, faculty and employees, (and still owes, since the USDE still does not have a final

decision as of yet), by asphyxiating economically IEU totally, it left IEU without even the

---

[2] On February 7, 1997, without its ALJ decision being final, the USDE preconfiscated over $2.263 million dollars that it owed IEU for reimbursement requests that it had deliberately delayed in disbursing as part of its heinous and callous efforts to provoke the economic asphyxiation of the Plaintiffs.

The pretexts used by the USDE to "justify" this clearly unconstitutional taking of property without due process, were: 1) the "findings" against IEU in the OIG audit and the Program Review that IEU and ARR suffered and 2) the "termination" of IEU's eligibility by the ALJ.

possibility of being able to retain and pay counsel to defend itself from all these clearly unripe unconstitutional and illegal actions since it left it totally devoid of economic resources. This is one of the reasons why IEU has been obliged to appear through its President, Pro Se, in various stages of this litigation since the onset, starting at the administrative hearings level.

7) Actually, because as we all know, the decision of this court is still not final, and we intend to appeal it if this injunctive relief petition is not granted, we are respectfully requesting from this HC to order from the USDE the immediate release of all the pre-confiscated funds so that IEU can have economic resources to avail itself of its right to representation by counsel of its choice, a right that was preconfiscated from it by the USDE by the taking of all its property without evidently complying with basic due process. We request that from these funds, the debt owed to the previous lawyers that have represented IEU in this litigation are paid, just as the present and future ones, until this judicial review process is final and over, including any future counsel that this HC may choose to appoint for IEU due to its insolvency and the determination of this HC that its President, Angel Ruiz Rivera (ARR) cannot represent it Pro Se. This, in case my appearance for IEU is not accepted or if I die for whatever reasons. In the alternative, we pray that this HC appoints a judicial administrator of these funds who would pay the legal honoraria, fees and costs and any other incidental cost of the rest of this litigation including appeal and any other expenditure that this HC may in time approve.

8) Very respectfully, we are also requesting that this HC orders the USDE to comply with the Notice of Levy of June 17, 1998, timely filed by the Internal Revenue Service (IRS) of the U.S. Department of the Treasury (USDT) against the USDE funds owed to IEU (Exhibit 5), since this credit of the IRS has preference in rank and in time over any credit that the USDE may

7

eventually have in case it ultimately prevails. It is clearly a preferred credit in rank and time

because it is attached to the social security or FICA payments of the hundreds of IEU workers

that were not paid for the quarters of October-December 1995, January -March 1996 and April -

June 1996 as a result of the unconstitutional and illegal preconfiscation of those funds owed to

IEU by the USDE. Since this credit is older that anyone that the USDE may eventually have, the

old maxim "first in time-first in right" applies to it.

For all the above stated reasons I Pray that this HC grants this injunction ordering the

USDE to:

1. Comply with the USDT-IRS Notice of Levy

2. Release the balance of the funds preconfiscated so that IEU can avail itself of its right

to have legal representation of its choice, even if this is under the supervision of this HC or a

judicial administrator appointed by it.

In the alternative, allow ARR to represent the extinct and inexistent entity for what may

be left of this litigation.

3. That it stays the judgment and all its effects while this injunctive relief petition is

resolved.

So we state, allege and pray. Respectfully submitted, today November 5, 2004.

Angel Ruiz Rivera
Pro Se and for IEU  IFP
P.O. Box 191209, San Juan, P.R. 00919-1209.
787-714-1069

8

**Certificate of Service**

I, Angel Ruiz Rivera, appearing for the Plaintiffs', Pro Se and IFP, hereby certify that a copy of this petition was served through mail to the appearing counsel for the Defendant, Isabel Munoz Acosta, Esq., U.S. Attorney's Office for the District of Puerto Rico, Civil Division, Plaza Chardon Suite 1201, 350 Chardon Ave. Hato Rey, P.R. 00918.

9

EXHIBIT 1 - COLLECTION NOTICES FROM THE U.S. DEPARTMENT OF EDUCATION
(USDE) ADDRESSED TO THE PETITIONER COLLECTING OVER $22,000,000.00 IN
PAYMENTS ALLEGEDLY OWED TO THE USDE. THESE AND OTHER CLAIMS ARE
PENDING JUDICIAL REVIEW. SEE CASE NO. 98-2225 (RLA) AT THE U.S. DISTRICT
COURT FOR THE DISTRICT OF PUERTO RICO.

1.1 - $        4,449.00

1.2 - $    160,782.60  ($150,000.00 Plus interests accrued until September 25, 1998).

1.3 - $    213,917.00

1.4 - $    331,752.81  ($314,752.00 Plus interests accrued until September 25, 1998).

1.5 - $  1,827.847.00

1.6 - $ 20,911,099.98  ($19,860,906.00 Plus interests accrued until September 25, 1998)

        ------------------

**Total $ 23,449,848.39**



# UNITED STATES DEPARTMENT OF EDUCATION

### WASHINGTON, D.C. 20202-_____

September 25, 1998

Instituto De Educacion Universal
Mr. Angel Rivera, President
404 Avenida Barbosa
Hato Rey, PR  00917

REF:  AUPR00254007

The U.S. Department of Education's records show that your debt in the amount of $4,449.00 is delinquent.  This Department has previously contacted you concerning repayment of this debt; however, to date, you have not made satisfactory arrangement to repay this debt.

You are requested to pay this debt in full within ten (10) days of the date of this letter. Checks or money orders should be made payable to the U.S. Department of Education and sent to the following address:

> U.S. Department of Education
> Office of the Chief Financial Officer
> Financial Improvement and Receivables Group
> 600 Independence Avenue, SW, Room 3400
> Washington, DC 20202-4330

If this Department does not receive payment in full within the next ten (10) days, we will refer your debt to the U.S. Department of the Treasury for further collection action, including administrative offset.  The Treasury Department will take whatever action it deems appropriate to collect on this indebtedness, including redirecting any payment you are scheduled to receive from the Federal Government to repay this debt.

The Treasury Department will initiate such action 30 days after the date of this letter.  Before Treasury launches this action, you have the following rights:

> 1.  You may request in writing the right to inspect and copy the records the Department of Education possesses relating to this indebtedness.  The request must include reasonably specific identification of the records you wish to inspect and copy.  However, you may not request records that were previously made available to you as part of a formal appeal or other informal hearings.



# UNITED STATES DEPARTMENT OF EDUCATION

### WASHINGTON, D.C. 20202-_____

September 25, 1998

Instituto De Educacion Universal
Mr. Angel Rivera, President
404 Avenida Barbosa
Hato Rey, PR  00917

REF:  PRAAD9802330

The U.S. Department of Education's records show that your debt in the amount of $150,000.00 is delinquent.  Interest, penalties and administrative costs have increased the amount you owe to $160,782.60.  This Department has previously contacted you concerning repayment of this debt; however, to date, you have not made satisfactory arrangement to repay this debt.

You are requested to pay this debt in full within ten (10) days of the date of this letter.  Checks or money orders should be made payable to the U.S. Department of Education and sent to the following address:.

> U.S. Department of Education
> Office of the Chief Financial Officer
> Financial Improvement and Receivables Group
> 600 Independence Avenue, SW, Room 3400
> Washington, DC 20202-4330

If this Department does not receive payment in full within the next ten (10) days, we will refer your debt to the U.S. Department of the Treasury for further collection action, including administrative offset.  The Treasury Department will take whatever action it deems appropriate to collect on this indebtedness, including redirecting any payment you are scheduled to receive from the Federal Government to repay this debt.

The Treasury Department will initiate such action 30 days after the date of this letter.  Before Treasury launches this action, you have the following rights:

> 1.  You may request in writing the right to inspect and copy the records the Department of Education possesses relating to this indebtedness.  The request must include reasonably specific identification of the records you wish to inspect and copy.  However, you may not request records that were previously made available to you as part of a formal appeal or other informal hearings.



UNITED STATES DEPARTMENT OF EDUCATION

WASHINGTON, D.C. 20202-_____

September 25, 1998

Instituto De Educacion Universal
Mr. Angel Rivera, President
404 Avenida Barbosa
Hato Rey, PR 00917

REF: AUPR10240075

The U.S. Department of Education's records show that your debt in the amount of $213,917.00 is delinquent. This Department has previously contacted you concerning repayment of this debt; however, to date, you have not made satisfactory arrangement to repay this debt.

You are requested to pay this debt in full within ten (10) days of the date of this letter. Checks or money orders should be made payable to the U.S. Department of Education and sent to the following address:

> U.S. Department of Education
> Office of the Chief Financial Officer
> Financial Improvement and Receivables Group
> 600 Independence Avenue, SW, Room 3400
> Washington, DC 20202-4330

If this Department does not receive payment in full within the next ten (10) days, we will refer your debt to the U.S. Department of the Treasury for further collection action, including administrative offset. The Treasury Department will take whatever action it deems appropriate to collect on this indebtedness, including redirecting any payment you are scheduled to receive from the Federal Government to repay this debt.

The Treasury Department will initiate such action 30 days after the date of this letter. Before Treasury launches this action, you have the following rights:

1. You may request in writing the right to inspect and copy the records the Department of Education possesses relating to this indebtedness. The request must include reasonably specific identification of the records you wish to inspect and copy. However, you may not request records that were previously made available to you as part of a formal appeal or other informal hearings.




# UNITED STATES DEPARTMENT OF EDUCATION

WASHINGTON, D.C. 20202-_____

September 25, 1998

Instituto De Educacion Universal
Mr. Angel Rivera, President
404 Avenida Barbosa
Hato Rey, PR  00917

REF:  PRP2730213746

The U.S. Department of Education's records show that your debt in the amount of $314,752.00 is delinquent.  Interest, penalties and administrative costs have increased the amount you owe to $331,597.81.  This Department has previously contacted you concerning repayment of this debt; however, to date, you have not made satisfactory arrangement to repay this debt.

You are requested to pay this debt in full within ten (10) days of the date of this letter. Checks or money orders should be made payable to the U.S. Department of Education and sent to the following address:

       U.S. Department of Education
       Office of the Chief Financial Officer
       Financial Improvement and Receivables Group
       600 Independence Avenue, SW, Room 3400
       Washington, DC 20202-4330

If this Department does not receive payment in full within the next ten (10) days, we will refer your debt to the U.S. Department of the Treasury for further collection action, including administrative offset.  The Treasury Department will take whatever action it deems appropriate to collect on this indebtedness, including redirecting any payment you are scheduled to receive from the Federal Government to repay this debt.

The Treasury Department will initiate such action 30 days after the date of this letter.  Before Treasury launches this action, you have the following rights:

    1.  You may request in writing the right to inspect and copy the records the Department of Education possesses relating to this indebtedness.  The request must include reasonably specific identification of the records you wish to inspect and copy.  However, you may not request records that were previously made available to you as part of a formal appeal or other informal hearings.



# UNITED STATES DEPARTMENT OF EDUCATION

## WASHINGTON, D.C. 20202-_____

September 25, 1998

Instituto De Educacion Universal
Mr. Angel Rivera, President
404 Avenida Barbosa
Hato Rey, PR 00917

REF: AUPR20240075

The U.S. Department of Education's records show that your debt in the amount of $1,827,847.00 is delinquent. This Department has previously contacted you concerning repayment of this debt; however, to date, you have not made satisfactory arrangement to repay this debt.

You are requested to pay this debt in full within ten (10) days of the date of this letter. Checks or money orders should be made payable to the U.S. Department of Education and sent to the following address:

> U.S. Department of Education
> Office of the Chief Financial Officer
> Financial Improvement and Receivables Group
> 600 Independence Avenue, SW, Room 3400
> Washington, DC 20202-4330

If this Department does not receive payment in full within the next ten (10) days, we will refer your debt to the U.S. Department of the Treasury for further collection action, including administrative offset. The Treasury Department will take whatever action it deems appropriate to collect on this indebtedness, including redirecting any payment you are scheduled to receive from the Federal Government to repay this debt.

The Treasury Department will initiate such action 30 days after the date of this letter. Before Treasury launches this action, you have the following rights:

1. You may request in writing the right to inspect and copy the records the Department of Education possesses relating to this indebtedness. The request must include reasonably specific identification of the records you wish to inspect and copy. However, you may not request records that were previously made available to you as part of a formal appeal or other informal hearings.

# UNITED STATES DEPARTMENT OF EDUCATION

### WASHINGTON, D.C. 20202-_____

September 25, 1998

Instituto De Educacion Universal
Mr. Angel Rivera, President
404 Avenida Barbosa
Hato Rey, PR  00917

REF:  PRP730213746

The U.S. Department of Education's records show that your debt in the amount of $19,860,906.00 is delinquent.  Interest, penalties and administrative costs have increased the amount you owe to $20,911,099.98.  This Department has previously contacted you concerning repayment of this debt; however, to date, you have not made satisfactory arrangement to repay this debt.

You are requested to pay this debt in full within ten (10) days of the date of this letter.  Checks or money orders should be made payable to the U.S. Department of Education and sent to the following address:

> U.S. Department of Education
> Office of the Chief Financial Officer
> Financial Improvement and Receivables Group
> 600 Independence Avenue, SW, Room 3400
> Washington, DC 20202-4330

If this Department does not receive payment in full within the next ten (10) days, we will refer your debt to the U.S. Department of the Treasury for further collection action, including administrative offset.  The Treasury Department will take whatever action it deems appropriate to collect on this indebtedness, including redirecting any payment you are scheduled to receive from the Federal Government to repay this debt.

The Treasury Department will initiate such action 30 days after the date of this letter.  Before Treasury launches this action, you have the following rights:

> 1.  You may request in writing the right to inspect and copy the records the Department of Education possesses relating to this indebtedness.  The request must include reasonably specific identification of the records you wish to inspect and copy.  However, you may not request records that were previously made available to you as part of a formal appeal or other informal hearings.

EXHIBIT 2 - COLLECTION NOTICES FROM THE U.S. DEPARTMENT OF THE

TREASURY (USDT) ADDRESSED TO THE PETITIONER COLLECTING OVER

$29,000,000.00 IN PAYMENTS ALLEGEDLY OWED TO THE USDT. The USDT determined

that ARR was the person responsible for the taxes of IEU.


2.1 - $      6,226.66 ($ 4,449.00 Plus interests accrued until December 22;1998).

2.2 - $    195,582.07 ($160,782.60 Plus interests accrued until December 22,1998).

2.3 - $    325,577.66 ($213,917.00 Plus interests accrued until December 22,1998).

2.4 - $    405,012.16 ($331,752.81 Plus interests accrued until December 22,1998).

2.5 - $  2,781,948.87 ($1,827.847.00 Plus interests accrued until December 22,1998).

2.6 - $ 25,540,968.50 ($20,911,099.98 Plus interests accrued until December 22,1998).

-------------------

**Total $29,255,315.92**



# DEPARTMENT OF TREASURY
## FINANCIAL MANAGEMENT SERVICE
### BIRMINGHAM, AL 35283-0794
December 22, 1998

Financial Officer. Instituto De Educacion Universal
Mr. Angel Rivera, President
404 Avenida Barbosa
Hato Rey, PR 00917

DMSC Account Number: 990011057-121626

Dear Financial Officer:

This is to advise you that your unpaid delinquent debt owed to the Department of Education has been referred to the U.S. Department of the Treasury for collection. According to the Department of Education's records, you owe $4,449.00 to the United States Government.

Aggressive legal collection action will commence against you unless you make payment in the amount of $6,626.66, which includes all administrative fees and applicable interest, within ten (10) days of the date of this letter.

If you wish to avoid the pending collection measures being prepared to collect your debt, you must immediately send your check or money order, made payable to the U.S. Treasury. To ensure proper credit to your account, include the account number in the memo section of your check, and forward the check with the enclosed PAYMENT COUPON to:

> U.S. Department of the Treasury -- FMS
> Debt Management Services
> P.O. Box 105576
> Atlanta, GA 30348

Correspondence should be directed to:

> Debt Management Servicing Center (TRFM)
> Post Office Box 830794
> Birmingham, AL 35283-0794

If you are unable to pay your debt in full, please contact Sharon Carter at (888) 826-3127 immediately.

Sincerely,

Charles A. Wilson
Debt Management Services

Enclosure



**DEPARTMENT OF TREASURY**
FINANCIAL MANAGEMENT SERVICE
BIRMINGHAM, AL 35283-0794
December 22, 1998

Financial Officer, Instituto De Educacion Universal
Mr. Angel Rivera, President
404 Avenida Barbosa
Hato Rey, PR 00917

DMSC Account Number: 990011060-121626

Dear Financial Officer:

This is to advise you that your unpaid delinquent debt owed to the Department of Education has been referred to the U.S. Department of the Treasury for collection. According to the Department of Education's records, you owe $160,782.60 to the United States Government.

Aggressive legal collection action will commence against you unless you make payment in the amount of $195,582.07, which includes all administrative fees and applicable interest, within ten (10) days of the date of this letter.

If you wish to avoid the pending collection measures being prepared to collect your debt, you must immediately send your check or money order, made payable to the U.S. Treasury. To ensure proper credit to your account, include the account number in the memo section of your check, and forward the check with the enclosed PAYMENT COUPON to:

U.S. Department of the Treasury – FMS
Debt Management Services
P.O. Box 105576
Atlanta, GA 30348

Correspondence should be directed to:

Debt Management Servicing Center (TRFM)
Post Office Box 830794
Birmingham, AL 35283-0794

If you are unable to pay your debt in full, please contact Sharon Carter at (888) 826-3127 immediately.

Sincerely,

CR Wilson

Charles A. Wilson
Debt Management Services

Enclosure



**DEPARTMENT OF TREASURY**
**FINANCIAL MANAGEMENT SERVICE**
**BIRMINGHAM, AL 35283-0794**
December 22, 1998

Financial Officer, Instituto De Educacion Universal
Mr. Angel Rivera, President
404 Avenida Barbosa
Hato Rey, PR 00917

DMSC Account Number: 990011058-121626

Dear Financial Officer:

This is to advise you that your unpaid delinquent debt owed to the Department of Education has been referred to the U.S. Department of the Treasury for collection. According to the Department of Education's records, you owe $213,917.00 to the United States Government.

Aggressive legal collection action will commence against you unless you make payment in the amount of $325,577.66, which includes all administrative fees and applicable interest, within ten (10) days of the date of this letter.

If you wish to avoid the pending collection measures being prepared to collect your debt, you must immediately send your check or money order, made payable to the U.S. Treasury. To ensure proper credit to your account, include the account number in the memo section of your check, and forward the check with the enclosed PAYMENT COUPON to:

U.S. Department of the Treasury – FMS
Debt Management Services
P.O. Box 105576
Atlanta, GA 30348

Correspondence should be directed to:

Debt Management Servicing Center (TRFM)
Post Office Box 830794
Birmingham, AL 35283-0794

If you are unable to pay your debt in full, please contact Sharon Carter at (888) 826-3127 immediately.

Sincerely,

CR Wilson

Charles A. Wilson
Debt Management Services

Enclosure



**DEPARTMENT OF TREASURY**
**FINANCIAL MANAGEMENT SERVICE**
**BIRMINGHAM, AL 35283-0794**
December 22, 1998

Financial Officer, Instituto De Educacion Universal
Mr. Angel Rivera, President
404 Avenida Barbosa
Hato Rey, PR 00917

DMSC Account Number: 990011061-121626

Dear Financial Officer:

This is to advise you that your unpaid delinquent debt owed to the Department of Education has been referred to the U.S. Department of the Treasury for collection. According to the Department of Education's records, you owe $331,597.81 to the United States Government.

Aggressive legal collection action will commence against you unless you make payment in the amount of $405,012.16, which includes all administrative fees and applicable interest, within ten (10) days of the date of this letter.

If you wish to avoid the pending collection measures being prepared to collect your debt, you must immediately send your check or money order, made payable to the U.S. Treasury. To ensure proper credit to your account, include the account number in the memo section of your check, and forward the check with the enclosed PAYMENT COUPON to:

U.S. Department of the Treasury – FMS
Debt Management Services
P.O. Box 105576
Atlanta, GA 30348

Correspondence should be directed to:

Debt Management Servicing Center (TRFM)
Post Office Box 830794
Birmingham, AL 35283-0794

If you are unable to pay your debt in full, please contact Sharon Carter at (888) 826-3127 immediately.

Sincerely,

Charles A. Wilson
Debt Management Services

Enclosure



**DEPARTMENT OF TREASURY**
**FINANCIAL MANAGEMENT SERVICE**
**BIRMINGHAM, AL 35283-0794**
December 22, 1998

Financial Officer, Instituto De Educacion Universal
Mr. Angel Rivera, President
404 Avenida Barbosa
Hato Rey, PR 00917

DMSC Account Number: 990011059-121626

Dear Financial Officer:

This is to advise you that your unpaid delinquent debt owed to the Department of Education has been referred to the U.S. Department of the Treasury for collection. According to the Department of Education's records, you owe $1,827,847.00 to the United States Government.

Aggressive legal collection action will commence against you unless you make payment in the amount of $2,781,948.87, which includes all administrative fees and applicable interest, within ten (10) days of the date of this letter.

If you wish to avoid the pending collection measures being prepared to collect your debt, you must immediately send your check or money order, made payable to the U.S. Treasury. To ensure proper credit to your account, include the account number in the memo section of your check, and forward the check with the enclosed PAYMENT COUPON to:

> U.S. Department of the Treasury – FMS
> Debt Management Services
> P.O. Box 105576
> Atlanta, GA 30348

Correspondence should be directed to:

> Debt Management Servicing Center (TRFM)
> Post Office Box 830794
> Birmingham, AL 35283-0794

If you are unable to pay your debt in full, please contact Sharon Carter at (888) 826-3127 immediately.

Sincerely,

Charles A. Wilson
Debt Management Services

Enclosure



**DEPARTMENT OF TREASURY**
**FINANCIAL MANAGEMENT SERVICE**
**BIRMINGHAM, AL 35283-0794**
December 22, 1998

Financial Officer. Instituto De Educacion Universal
Mr. Angel Rivera. President
404 Avenida Barbosa
Hato Rey, PR 00917

DMSC Account Number: 990011062-121626

Dear Financial Officer:

    This is to advise you that your unpaid delinquent debt owed to the Department of Education has been referred to the U.S. Department of the Treasury for collection. According to the Department of Education's records, you owe $20,911,099.98 to the United States Government.

    Aggressive legal collection action will commence against you unless you make payment in the amount of $25,540,968.50, which includes all administrative fees and applicable interest, within ten (10) days of the date of this letter.

    If you wish to avoid the pending collection measures being prepared to collect your debt, you must immediately send your check or money order, made payable to the U.S. Treasury. To ensure proper credit to your account, include the account number in the memo section of your check, and forward the check with the enclosed PAYMENT COUPON to:

        U.S. Department of the Treasury — FMS
        Debt Management Services
        P.O. Box 105576
        Atlanta, GA 30348

    Correspondence should be directed to:

        Debt Management Servicing Center (TRFM)
        Post Office Box 830794
        Birmingham, AL 35283-0794

    If you are unable to pay your debt in full, please contact Sharon Carter at (888) 826-3127 immediately.

Sincerely,

CR Wilson

Charles A. Wilson
Debt Management Services

Enclosure

EXHIBIT 3 - Other Diverse Collection Notices

# United States Department of Education Billing Statement

.e: 6/10/98
For: PROGRAM REVIEW



INSTITUTO DE EDUCACION UNIVERSAL
MR. ANGEL RIVERA, PRESIDENT
404 AVENIDA BARBOSA

HATO REY        , PR  00917-0000

Customer Number:  131436065

| $19,860,906.00 | $0.00 | $0.00 | $265,012.08 | $20,125,918.08 | 7/10/98 |
|---|---|---|---|---|---|
| Original Balance | Payments | Adjustments | Interest and Charges | Total Amount Due | Payment Due Date |

**IF AN APPEAL HAS BEEN APPROVED, PLEASE DISREGARD THIS NOTICE**

If payment is not received by the due date, this debt will accrue interest charges at 5.00% per annum.  Unpaid balances over 90 days old are assessed a 6.00% per annum penalty charge and an administrative fee of $200.00 over the cost of processing overdue accounts.

## For inquiries about this bill, please call (202) 401-2898

................................................................................
CUT ALONG DOTTED LINE AND RETURN THIS PORTION WITH YOUR PAYMENT

### PLEASE WRITE YOUR CUSTOMER AND BILL NUMBERS ON YOUR CHECK PAYABLE TO:

United States Department of Education
PO BOX 952226
St. Louis, MO  63195-2226

| 131436065 | PRP730213746 | 6/10/98 | $20,125,918.08 |
|---|---|---|---|
| Customer Number | Bill Number | Bill Date | Total Amount Now Due |

UB- Ex. 1

# United States Department of Education Billing Statement

**Date:** 6/23/99
**For:** PROGRAM REVIEW



INSTITUTO DE EDUCACION UNIVERSAL
MR. ANGEL RIVERA, PRESIDENT
404 AVENIDA BARBOSA

HATO REY, PR  00917-0000

**Customer Number:** 131436065

| $357,351.00 | $0.00 | $0.00 | $2,977.93 | $360,328.93 | 7/23/99 |
|---|---|---|---|---|---|
| Original Balance | Payments | Adjustments | Interest and Charges | Total Amount Due | Payment Due Date |

## IF AN APPEAL HAS BEEN APPROVED, PLEASE DISREGARD THIS NOTICE

### ARBILLS.Sent_Counter = 0

### _For inquiries about this bill, please call (202) 401-2898_

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
CUT ALONG DOTTED LINE AND RETURN THIS PORTION WITH YOUR PAYMENT

**PLEASE WRITE YOUR CUSTOMER AND BILL NUMBERS ON YOUR CHECK PAYABLE TO:**

United States Department of Education
PO BOX 952226
St. Louis, MO  63195-2226

| 131436065 | PRP2740214129 | 6/23/99 | $360,328.93 |
|---|---|---|---|
| Customer Number | Bill Number | Bill Date | Total Amount Now Due |



**UNITED STATES DEPARTMENT OF EDUCATION**

*Exh. 1*

### REGION II
**75 PARK PLACE, RM. 1206**
**NEW YORK, NEW YORK 10007**

*STUDENT FINANCIAL ASSISTANCE PROGRAMS*

**MAR 0 4 1998**

Mr. Angel Ruiz-Rivera                    **CERTIFIED MAIL**
Instituto de Educacion Universal         **RETURN RECEIPT REQUESTED**
404 Avenue Barbosa
Hato Rey, Puerto Rico 00917

Re:   Instituto de Educacion Universal
      Final Program Review Determination
      PRCN: 199730213746            OPEID: 02316400

Dear Mr. Ruiz-Rivera:

This office has not received a response to our correspondence dated August 23, 1997 and September 10, 1997 detailing the responsibilities of Instituto de Educacion Universal, located at 404 Avenue Barbosa, Hato Rey, Puerto Rico 00917 based on the expiration of the institution's Program Participation Agreement (PPA) on July 23, 1997.

This office has made final determinations concerning all of the outstanding findings as a result of the institution's failure to submit required information as outlined in the aforementioned letters. The purpose of this letter is to (1) assess the liabilities due from Instituto de Educacion Universal (2) notify you of your right to an appeal, and (3) close the review.

Pursuant to 34 CFR 668.26, an insititution that loses eligibility to participate in the Title IV, HEA programs is required to:

(1)     Submit to the Secretary within 45 days after the date that the participation ends:

        (a)  All financial, performance, and other reports required by appropriate Title IV HEA program regulations; and

        (b) A letter of engagement for an independent audit of all funds that the institution received under the Title IV HEA programs, the report of which shall be submitted within 45 days after the date of the engagement letter;

(2)     Return to the Federal government, or otherwise dispose of under instructions from the Secretary, any unexpended funds that the institution has received under the Title IV, HEA programs, less the institution's administrative allowance, if

*OUR MISSION IS TO ENSURE EQUAL ACCESS TO EDUCATION*
*AND TO PROMOTE EDUCATIONAL EXCELLENCE THROUGHOUT THE NATION*

*Instituto de Educacion Universal - Page 3*

<u>1994-95</u> (July 1, 1994 to June 30, 1995)

| | | |
|---|---|---|
| Federal Pell Grant | $ 9,786,086 (1) | |
| Federal Stafford Loan | 192,609 | |
| Federal SEOG | 273,218 | |
| Federal CWS | 91,255 | $10,343,168 |

<u>1995-96</u> (July 1, 1995 to June 30, 1996)

| | | |
|---|---|---|
| Federal Pell Grant | $ 9,386,941 | |
| Federal Stafford Loan | 605,484 | 9,992,425 |

<u>1996-97</u> (July 1, 1996 to June 30, 1997)

| | | |
|---|---|---|
| Federal Pell Grant | $ 323,406 | |
| Federal Stafford Loan | 191,143 | 514,549 |

<u>1997-98</u> (July 1, 1997 to July 23, 1997)

| | | |
|---|---|---|
| Federal Pell Grant | $ 0 | |
| Federal Stafford Loan | 0 | 0 |

Total                                    $20,850,142

(1)  This amount represents the total Pell Grant funds Instituto de Educacion Universal received for the 1994-95 award year ($10,443,940) minus the total Pell Grant liability for that award year ($655,554 in unpaid refunds and $2,300 for verification problems) as established by Secretary's Decision (Docket Nos. 96-28-ST, 96-93-SP, and 96-103-SA) covering PRCN 199530200074 and ACN 02-40075.

Instituto de Educacion Universal must pay the Department $19,860,906 for the Federal Pell Grant and Campus Based funding it received from July 1, 1994 through July 23, 1997.  This amount represents $19,496,433 in Federal Pell Grant funds (AY 94/95 - $9,786,086, AY 95/96 - $9,386,941 and AY 96/97 - $323,406) and $364,473 in Campus Based funds (FSEOG - $273,218 and FCWS - $91,255).  In addition, the total ineligible FFEL (Stafford) volume for the period was $989,236 (AY 94/95 - $192,609, AY 1995/96 - $605,484 and AY 96/97 - $191,143).  Using the actual loss formula, this office has determined that Instituto de Educacion Universal must repay $314,752 to the Department for the FFEL program liability ($60,315 for award year 1994/95, $192,332 for award year 1995/96 and $62,105 for award year 1996/97) (see Appendix A).

*Instituto de Educacion Universal - Page 4*

## Payment Instructions

The total liability to be remitted to the Department based on this final program review determination is $20,175,658 (Pell Grant - $19,496,433, Campus Based - $364,473 and FFEL/Stafford - $314,752) . Instituto de Educacion Universal must repay the $20,175,658 by electronic transfer of funds through the Treasury Finance Communications System, known as FEDWIRE. You must request that your bank transmit the repayment through FEDWIRE by way of the Federal Reserve Bank in New York. If your bank does not maintain an account at the Federal Reserve Bank, it will use the services of a correspondent bank when making payments through FEDWIRE. Instructions for completing the electronic fund transfer message format are enclosed (see Appendix B).

If payment is not received within 45 days from the date of this letter by our collection agent, interest will accrue in monthly increments, starting with the date of this letter, until the date of receipt.

If you have any questions regarding interest accruals or payment credits, you may telephone (202) 401-1450 and ask to speak to your account representative.

If payment is not received in accordance with the instructions provided, the Department may collect the amount due and payable by administrative offset against payments due your organization from the Federal Government. This debt may also be referred to the Department of the Treasury for further action as authorized by the Debt Collection Improvement Act of 1996.

If full payment to the Department cannot be made within forty-five (45) days of the date of this letter, contact the Accounts Receivable Management Group at (202) 401-1450 to apply for a repayment plan. Interest charges and other conditions apply. Written requests may be sent to the address below:

> U. S. Department of Education
> Accounts Receivable Management Group
> 600 Independence Avenue, S.W.
> FOB 10B, Room 3400
> Washington, DC 20202-4330

## Appeal Procedures

This constitutes the Department's final program review determination with respect to the August 23, 1997 and September 10, 1997 letters regarding Instituto de Educacion Universal's responsibilities to the Department due to its loss of eligibility to participate in the Title IV, HEA programs. If you wish to appeal to the Secretary for a review of any matter in this final program review determination, you must file a written request for an administrative hearing. Your request must be received by the Department no later than 45

*Instituto de Educacion Universal - Page 5*

days from the date the institution receives this letter. An original and three copies of the information you submit must be attached to your request. Your request for a review must be sent to :

> David L. Morgan , Director
> U.S. Department of Education
> Administrative Actions and Appeals Division
> P.O. Box 23800
> L'Enfant Plaza Station
> Washington, DC 20026

If the institution chooses to hand-deliver its submission, or to use an overnight delivery or messenger service, please address the submission to:

> David L. Morgan, Director
> U.S. Department of Education
> Administrative Actions and Appeals Division
> 7th and D Streets, SW
> ROB-3/Room 3923
> Washington, DC 20407

If you request an administrative hearing in a timely manner, the Department will provide a hearing conducted by a qualified hearing officer. You will be notified concerning the date of the hearing after the Department receives your request.

The Department will schedule an administrative hearing in accordance with Section 487 (b)(2) of the Higher Education Act of 1965, as amended, 20 U.S.C. 1094 (b)(2). The procedures followed with respect to your appeal will be those provided in 34 CFR 668, Subpart H.

The regulations require that your request for review must (1) include a copy of the final program review determination letter, (2) identify the issues and facts in the final determination that you dispute, and (3) state your position on the disputed matters with the pertinent facts and reasons supporting your position (34 CFR 668.113(c)). The program review control number (199740213924) must also accompany your request for review.

The regulations also require that you submit with your request for review any institutional work papers, records, or other materials that you may later wish to offer in this proceeding to support your position (34 CFR 668.113 (b)).

*Instituto de Educacion Universal - Page 6*

If you have any questions concerning this letter, please contact Mr. Thomas Whiting at (212) 637-0519.

Sincerely,

Robert J. McKiernan, Area Case Director
Case Management Division - Northeast
New York Team

*Instituto de Educacion Universal - Page 6*

**APPENDIX A**

```
****************************************
Actual Loss Worksheet -- Stafford Loans
****************************************
```

Type of Institution:  Proprietary

Institution Name: Inst de Educ Universal

Total Stafford Loans $ 0.00

Total SLS $ 0.00

Review Error Rate:  0.0%

Ineligible Stafford $ 935918.00

Ineligible SLS $ 53318.00

Cohort Default Rate: 16.2%

Estimated Stafford Defaults $ 151619.00

Estimated SLS Defaults $ 8638.00

Estimated Stafford Subsidies from Disbursement to Repayment $ 135004.00

Estimated Stafford Special Allowance from Repayment to Default $ 1730.00

Estimated Stafford Special Allowance from Repayment to PIF $ 17761.00

Total Estimated Liability $ 314752.00

```
*****************************************************************************
```
The Total Estimated Liability above is the Department's estimate of the
actual loss to the Department that has or will result from the ineligible
SLS and Stafford loans made by your institution.

Estimated defaults are calculated for both SLS and Stafford using the most
appropriate cohort default rate published by the Department.

The Department's loss for excess subsidies paid to lenders for ineligible
Stafford loans is estimated by using the average number of days from:

                   - disbursement to entering repayment
                   - repayment to default, and
                   - repayment to paid in full

The averages used are based on school type, and are taken from historical
information supplied to the Department from all guarantee agencies.
```
*****************************************************************************
```

APPENDIX B

## DEPARTMENT OF EDUCATION
## FEDWIRE EFT MESSAGE FORMAT & INSTRUCTIONS

| ABA Number 021030004 | Type/Sub-Type | |
|---|---|---|
| Sender No. | Sender Ref. No. | Amount (1) |

Sender Name (Automatically inserted by the Federal Reserve Bank)

------------------------------------------------------------

Treasury Department Name/CTR/

TREAS NYC/CTR/

------------------------------------------------------------

BNF=ED / AC - 91020001    OBI=

------------------------------------------------------------

Name /City / State:
(2)

------------------------------------------------------------

DUNS / EIN:
(3)

------------------------------------------------------------

FOR:
(4)

------------------------------------------------------------

INSTRUCTIONS

A.    Complete items 1-4 in parentheses above as follows:
       (1) Indicate amount including cents digits.
       (2) Indicate Name, City and State.
       (3) Indicate DUNS and EIN number.
       (4) Enter the reason for the remittance (ACN or PRCN number).

B.    Provide the sending bank with a copy of the completed form. This form contains other information the bank will need to transmit the FEDWIRE message.

C.    If there are any questions regarding completion of this form, please contact the U.S. Department of Education at (202) 401-1450.

**EXHIBIT 4**

**PRECONFISCATORY NOTICE OF OFFSET**



# UNITED STATES DEPARTMENT OF EDUCATION

## OFFICE OF THE CHIEF FINANCIAL OFFICER

<u>Via Federal Express</u>

February 6, 1997

Angel Ruiz Rivera
President, Instituto de Educacion Universal
c/o Benny Frankie Cerezo, Esq.
Hostos 848 Hyde Park
San Juan, Puerto Rico 00927-4216

<u>Notice of Offset</u>

Dear Mr. Rivera:

    This letter is to inform you that the United States Department of Education (Department) intends to collect by administrative offset a debt in the amount of $1,631,699 which Instituto de Educacion Universal (IEU) owes the Department. This administrative offset is taken in accordance with the Department's Debt Collection regulations, 34 C.F.R. § 30.20 - 30.31 (1995). The administrative offset is based on the following outstanding liabilities:  1) a liability of $720,386 resulting from a Final Program Review Determination (FPRD) dated June 3, 1996 (PRCN 199530200074),  2) a liability of $756,864 resulting from a Final Audit Determination (FAD) dated June 28, 1996 (ACN 02-40075), 3) a liability of $4,449 resulting from a FAD dated September 17, 1996 (ACN 02-54007), and 4) a $150,000 fine resulting from the termination action against IEU.  The administrative offset will remain in effect until IEU pays all outstanding liabilities, interest, penalties, and administrative costs owed to the Department.

    IEU's right to inspect and copy Department records pertaining to the debt and its right to obtain a review within the Department of the existence and amount of the debt were provided previously under the provisions of 34 C.F.R. Part 668, Subpart H.  IEU availed itself of this procedure when it appealed the liabilities.  Pursuant to the provisions of 34 C.F.R. § 30.22(d), the Department will offset this debt without providing the institution a second opportunity to contest the debt

    The Department will offset the liabilities and fine pursuant to the provisions of 34 C.F.R. § 30.28 because the failure to offset at this time could substantially prejudice the Department's ability to collect the debt. 34 C.F.R  §§ 668.24(c)(2)(ii), 668.123.  Specifically, the Department's Hearing Office upheld IEU's termination of eligibility to participate in the programs authorized under Title IV of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1070 et seq. ("Title IV, HEA Programs").  See In the Matter of Instituto de Educacion Universal, Docket No. 96-28-ST (January 24, 1997).  The Department has determined that IEU's closure is a likely result of the termination because of the significant revenue IEU derives from the Title IV, HEA

400 MARYLAND AVE., S.W.  WASHINGTON, D.C. 20202

Our mission is to ensure equal access to education and to promote educational excellence throughout the Nation.

Angel Ruiz Rivera
Page 2

programs and IEU's repeated representations that without Title IV funding the school will close. Given these circumstances, the Department concludes that immediate offset is necessary to recover this claim.

Under 34 C.F.R. § 30.28(b), the Department will refund any amount that is later found not to be owed to the Department.

If you have any questions regarding the Department's actions, please call me at (202) 401-1450.

Sincerely,

*Nancy I. Hoglund*

Nancy I. Hoglund, Director
Accounts Receivable Management Group

EXHIBIT 5

NOTICE OF LEVY

Form 668-A(c) (DO)
(Rev. August 1994)

**Notice of Levy**

| DATE: | DISTRICT: | TELEPHONE NUMBER OF IRS OFFICE |
|---|---|---|

REPLY TO: Internal Revenue Service
Mercantil Plaza Building
2 Ave Ponce de Leon, Suite 904
San Juan, Puerto Rico 00919-1693
ATTN: NORBERTO RUIZ

**NAME AND ADDRESS OF TAXPAYER**

TO: U.S. DEPT. OF EDUCATION
OFFICE OF GENERAL COUNSEL
600 INDEPENDENCE AVE. SW
WASHINGTON, D.C. 20202
ATTN: LCDA. GIE MONTERO

INSTITUTO DE EDUCACION UNIVERSAL, INC.
P.O. BOX 191209
SAN JUAN, P.R. 00919-1209

**IDENTIFYING NUMBER(S):**
66-0384887

| Kind of Tax | Tax Period Ended | Unpaid Balance of Assessment | Statutory Additions | Total |
|---|---|---|---|---|
| 941PR | 06/30/95 | $ 189,297.10 | $ 107,847.31 | $ 297,144.41 |
| 1PR | 09/30/95 | 287,570.00 | 135,633.59 | 423,203.59 |
| 1PR | 12/31/95 | 249,274.79 | 112,486.44 | 361,761.23 |
| 6672 | 12/31/95 | 336,842.83 | 45,477.52 | 382,320.35 |

THIS LEVY WON'T ATTACH FUNDS IN IRAs, SELF-EMPLOYED INDIVIDUALS' RETIREMENT PLANS, OR ANY OTHER RETIREMENT PLANS IN YOUR POSSESSION OR CONTROL, UNLESS IT IS SIGNED IN THE BLOCK TO THE RIGHT. ———————————▶

| Total Amount Due ▶ | 1,464,429.58 |
|---|---|

07/31/98

We figured the interest and late payment penalty to ————————

The Internal Revenue Code provides that there is a lien for the amount that is owed. Although we have given the notice and demand required by the Code, the amount owed hasn't been paid. This levy requires you to turn over to us this person's property and rights to property (such as money, credits, and bank deposits) that you have or which you are already obligated to pay this person. However, don't send us more than the "Total Amount Due."

Money in banks, credit unions, savings and loans, and similar institutions described in section 408(n) of the Internal Revenue Code **must be held for 21 calendar days** from the day you receive this levy before you send us the money. Include any interest the person earns during the 21 days. Turn over any other money, property, credits, etc. that you have or are already obligated to pay the taxpayer, when you would have paid it if this person asked for payment.

Make a reasonable effort to identify all property and rights to property belonging to this person. At a minimum, search your records using the taxpayer's name, address, and identifying numbers(s) shown on this form. Don't offset money this person owes you without contacting us at the telephone number shown above for instructions. You may not subtract a processing fee from the amount you send us.

To respond to this levy:
1. Make your check or money order payable to Internal Revenue Service.
2. Write the taxpayer's name, identifying number(s), kind of tax and tax period shown on this form, and "LEVY PROCEEDS" on your check or money order (not on a detachable stub.).
3. Complete the back of Part 3 of this form and mail it to us with your payment in the enclosed envelope.
4. Keep Part 1 of this form for your records and give the taxpayer Part 2 within 2 days.

If you don't owe any money to the taxpayer, please complete the back of Part 3, and mail that part back to us in the enclosed envelope.

| Signature of Service Representative | Title REVENUE OFFICER |
|---|---|

Part 5 - IRS (TDA) COPY

FORM 668-A(c) (DO) (Rev. 8-94) 15704T