**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| INSTITUTO DE EDUCACION UNIVERSAL<br>    Plaintiff<br><br>v.<br><br>UNITED STATES DEPARTMENT OF EDUCATION<br>    Defendant | CIVIL NO. 98-2225 (RLA) |

**DEFENDANT'S OPPOSITION TO INJUNCTIVE RELIEF PETITION**

TO THIS HONORABLE COURT:

COMES NOW, the Defendants, the United States Department of Education (Department), and its Secretary, Richard Riley, represented by its undersigned attorneys and, respectfully STATES and PRAYS:

1. Plaintiff, Pro Se Litigant, Angel Ruiz Rivera (AAR) filed an Injunctive Relief Petition (Docket #73) on November 8th, 2004.

2. The United States opposes Pro Se Litigant's request, based on the following:

3. On June 24, 1999, the United States Court of Appeals for this Circuit entered Order concluding, "Appellant Angel Ruiz Rivera, a non-attorney, may not represent the corporate appellant, Instituto de Educacion Universal, Inc. before this Court. Accordingly, unless counsel enters an appearance for the corporate appellant …" (See Attachment 1)

**ARGUMENT**

Angel Ruiz Rivera appears pro se in this matter purporting to represent the Instituto de Educación Universal, Inc, hereinafter refer to as IEU, Inc., and himself. This creates two related barriers to continuation of this action; first, IEU, Inc. – not Angel Rivera – is the real party in interest

to have standing to maintain this action; second, by federal statute, corporations, may not appear pro se, but must be represented by legal counsel. Each of these defects compels outright dismissal of the Injunctive Relief Petition.

Federal Rule 17(a) specifically requires that civil actions "be prosecuted in the name of the real party in interest." Fed.R.Civ.P. 17(a). Furthermore, Rule 17(a) requires application of the law of the state where the corporation was organized. Under Puerto Rico law, since the corporation constitutes a legal entity separate and apart from its individual owners, the shareholders cannot sue to vindicate its alleged rights, even in situations where they are sole stockholders of the victim corporation. **Colón Pratts v. Municipality of San Sebastián,** 194 F.Supp. 2d. 67, 72, 73 (D.P.R. 2002).

Here, IEU, Inc. – not Angel Ruiz Rivera – was subject to the decisions and findings of the Department of Education. All monetary reimbursements and fines imposed by the agency were upon, IEU, Inc., - not Mr. Ruiz Rivera. Therefore, Mr. Ruiz Rivera does not have standing to bring this action, either in his own name or by styling the case as brought on behalf of IEU, Inc. See Exhibit 3, copy of **Reedom v. Martínez,** No. 02-1764 (JDB), slip op. at 3-5 (D.D.C., Aug. 19, 2003) (dismissing claims against HUD because plaintiff cannot represent corporation nor can corporation appears pro se.

In **Reedom v. Martínez**, this Honorable Court dismissed the case with prejudice with respect to the individual plaintiff and without prejudice with respect to the corporation. See id. This approach is appropriate were because Mr. Ruiz Rivera cannot cure his individual standing problem by bringing a different lawsuit or by hiring counsel. **Cf, Point of Wisdom #1 v. United States,** No. 95-0558 (HHG), 1996 WL 149374 (D.D.C., Jan 30, 1996) (dismissing without prejudice to permit corporation to refile in a timely manner). Accordingly, because all of the alleged harms result from

the Department of Education's findings against, IEU, Inc., the corporation is the real party in interest within the meaning of Fed.R.Civ.P. 17(a).

Moreover, in regulating the operation of federal courts, Congress enacted 28 U.S.C., §1654, which requires that the parties appearing in federal courts "may appear and conduct their own cases personally or by counsel[.]"  Controlling precedents interpret section 1654 uniformly to require that corporation be represented by attorneys licensed to appear in federal court.  See ***Rowland v. California Men's Colony,*** 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries…that a corporation may appear in federal court only through licensed counsel.") B***ristol Petroleum Corp. v. Harris***, 901 F.2d. 165, 166, N.1 (D.C. Cir. 1990) ("As a corporation, Bristol could not appear pro se.")  ***United States ex. rel Rockefeller v. Westinghouse Electric Co***., 203 W.L.21462489 (D.D.C. June 23, 2003) (Employee-plaintiff in qui tam action may not proceed pro se). ***Lennon v. McClory***, 3 F.Supp. 2d 1461, 1462, n.1 (D.D.C. 1998).  Other jurisdiction read Rowland the same.  See e.g., ***Talasila Inc. v United States***, 240 F.3d. 1064, 1066 (Fed. Cir. 2001); ***National Independent Theatre Exhibitors, Inc. v. Buena Vista Dist. Co***., 748 F.2d. 602, 609) (11th Cir. 1984).  Indeed, Mr. Ruiz Rivera, has been specifically warned about his appearing in the court on behalf of IEU, Inc.  The Court of Appeals for the First Circuit entered Order to the effect that "a non-lawyer may not represent a corporation in ongoing proceedings." Instituto de Educacion Universal v. Dept. of Education, 209 F.3d. 18, 22 (1st Cir. 2000[1]).  Despite, having a legal representative, plaintiff file this Injunctive Relief Petition, pro se.  Because Mr. Ruiz Rivera cannot maintain this action on his own behalf or that IEU, Inc., the same should be dismissed.

WHEREFORE, the United States respectfully requests this Honorable Court to dismiss the Injunctive Relief Petition filed by Plaintiff.

---

[1]  Counsel duly represents plaintiff in this case, since this Court denied counsel's Motion to Withdraw.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing document was filed with the Clerk of the Court using CM/ECF system, which will submit notification of such filing to Migdali Ramos Rivera, Esq., Maria L. Santiago Ramos, Esq, and Gregory T. Usera, Esq. and that a copy of the foregoing document was mailed to pro se litigant, Angel. Ruíz Rivera, First Class Return Receipt Requested Mail, P.O.Box 191209, San Juan, PR 00919-1209.

RESPECTFULLY SUBMITTED in San Juan, Puerto Rico, this 30th day of November 2004.

**H.S. GARCIA**
United States Attorney

*S/Isabel Muñoz-Acosta*
**Isabel Muñoz-Acosta**
U.S.D.C.- P.R. 128302
Assistant, United States Attorney
Chardón Tower, Suite 1201
350 Chardón Avenue
San Juan, Puerto Rico 00918
Telephone:  (787) 766-5656
Telecopier:  (787) 766-6219