UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

INSTITUTO DE EDUCACION UNIVERSAL, Et Al

V.                                                                          98-2225 (RLA)

UNITED STATES DEPARTMENT OF EDUCATION

**MOTION TO COMPLY WITH COURT ORDER OF DECEMBER 7, 2004**

TO THE HONORABLE COURT (HC):

Comes now the only known remaining officer, of the main Plaintiff in the instant case, [1] the since August 1998 extinct corporation, Instituto de Educacion Universal (IEU), who is alive, willing and able to respond for it to this HC and the Defendant, Angel Ruiz Rivera (ARR), incidentally the promoter and the main person affected by the instant cause of action, and respectfully states, alleges and prays as follows:

---

[1] This case was originally filed for Instituto de Educacion Universal (IEU) and myself personally as an additional party, at the U.S. Court of Appeals for the First Circuit (98-1242). There and then, I was not advised that I could not appear for IEU which I had assumed I could due to the fact that I had also appeared for it at the certain stages of the administrative proceedings of which this is supposed to be the judicial review of. When the Circuit transferred it to this District [98-2225(RLA)], I also appeared for IEU besides myself without any warnings. When appealed to the Circuit (99-1628), I appeared for both again filing the Notice of Appeal which was objected but eventually sustained by the Circuit. Then and there, the Circuit ordered me to retain counsel for IEU which I did. Then, I resigned to my representation, not to my appearance as a party. When the case was remanded, I again reappeared for both and filed the Complaint that was requested on July 21, 2000. That Complaint is still part of the record just as the evidence submitted later that followed it. None of these documents have been stricken from the record nor has the Defendant ever objected to them. When this HC ordered me to retain counsel for IEU, so I did. However, the fact that I complied with the court order and ceased to represent IEU has been equated to a resignation or a voluntary dismissal on my part as a party to the case which should not have been so. When attorney Usera appeared and re-filed a new Complaint, in no way or manner was my appearance as a party resigned to or moved for voluntary dismissal. It would me too ironical to maintain that while I was allowed to appeared for IEU, I remained a party on my own but that when I complied with the HC order and retained counsel for IEU and myself, then I ceased to be a party. Respectfully, this seems to be plain error.

1

Enclosed please find an Affidavit documenting all the good faith attempts to secure new counsel for IEU as requested by this HC in its December 7, 2004 Omnibus Order. At the end of same Affidavit, I respectfully make a prayer for an extension of time which I pray is granted.

So I state, allege and pray. Respectfully submitted, today February 11, 2005.

Angel Ruiz Rivera
Pro Se and for IEU IFP
P.O. Box 191209, San Juan, P.R. 00919-1209.
787-714-1069

**Certificate of Service**

I, Angel Ruiz Rivera, appearing Pro Se and IFP de facto, hereby certify that a copy of this Motion was served through regular mail to Isabel Munoz Acosta, Esq., at the U.S. Attorney's Office Plaza Chardon Suite 1201, 350 Chardon Ave. Hato Rey, P.R. 00918 and to the still appearing counsel for IEU, Gregory Usera, Esq., P.O Box 363128, San Juan, P.R. 00936-3128.

**AFFIDAVIT**

1. That my name is Angel Ruiz Rivera, a U.S. citizen, of legal age, married, and resident of Cidra, P.R..

2. That my financial situation is that of an In Forma Pauperis (IFP) litigant, recognized as such in all the following cases and forums.

Related case 98-1242 at the U.S. Court of Appeals for the First Circuit.

Related cases 99-1300 (SEC)(JAG); 99-1012 (CCC)(SEC)(JAG); 00-1609 (DRD); 01-1963 (JAF) at the U.S. District Court for the District of Puerto Rico.

Non-related case KDP2001-1014 at the Tribunal de Primera Instancia/Sala Superior de San Juan.

Non-related case FAL 2001-1017 at the Tribunal de Primera Instancia/Sala Superior de Carolina.

Related case 02-1744 at the U.S. Court of Appeals for the First Circuit.

Non-related case 02-6595 at the U.S. Supreme Court.

Related case 03-1083 at the U.S. Court of Appeals for the First Circuit.

Related case 04-0610 at the U.S. District Court for the District of Columbia.

Related case 04-7135 at the U.S. Court of Appeals for the District of Columbia.

Related case 04-1397 at the U.S. Court of Appeals for the District of Columbia.

3. That my already pauper financial situation has worsened even more in the past year as a result of two additional judgments against me in non-related cases: DCD2001-1076 at the Tribunal de Primer Instancia/Sala Superior de Bayamon, for over $1,400,000, which was the end result of my ill-efforts to try to rehabilitate myself economically after my destruction previously caused by the Defendants in the instant case and in an Administracion Para El Sustento De Menores (ASUME), administrative case 0197819, for over $75,000 in child support arrears for my fourth child.

3

4. That I also owe over $150,000 in child support arrears to my first wife as a result of a $2,250 per month child support judgment of my divorce judgment of April 4, 1994 that I have not been able to modify as of yet.

5. That I also owe over $336,000 to the Internal Revenue Service (IRS) in "Trust-Fund" liabilities for the employment taxes owed by IEU. As this HC most probably knows, this debt does not ever expires and is non-dischargeable even in a personal bankruptcy. See Petition for Certiorari 04-7296 at the U.S. Supreme Court.

6. That I have spent hundreds of thousands of dollars in legal honoraria during the past years of which I remain owing tens of thousands of dollars. See Exhibit 1.

7. That I do not have any material assets having lost everything including my house. That I also shamefully made my mother and father lose theirs as a result of having mortgaged them for loans which proceeds were used by me to pay for lawyers' honoraria.

8. That the net income I presently receive is about $2,000 a month from two (2) sublease contracts proceeds with an agency of the government of Puerto Rico. That one of those contracts expired on December 14, 2004 and the other expires on February 28, 2005 and are both in the process of been renewed. That until they are renewed I would not be able to be in a position to assign those contracts to a financial entity to obtain loan proceeds now that my credit is close to be rehabilitated, that may allow me to pay the outstanding debt to the law firms I owe which may consider reappearing, or to retain new counsel.

9. That my personal lawyer and incidentally best friend for more than 25 years, attorney Santiago Palmer Umpierre, Esq., who appeared for IEU in related case 98-1300 (JAG), under appeal 02-1744, and who always provided his services and uninterested aid in situations like this,

4

unfortunately died last April 2004. This in part, due to the consequences of the Defendant actions against us.

10. That all my efforts to obtain legal representation for IEU and/or myself were negatively affected by the death of my father this December 21, 2004, from cancer. He was hospitalized at Veterans Hospital about the time this HC issued its summary judgment order and as logically could be assumed, I had to devote my scarce resources (especially the psychological and emotional ones) to this utmost priority. At the time of his death, I could not even spare the cost of paying the publication of his obituary in the local press.

11. That the only other lawyer-friend that remains, that has been willing and able to appear for me and my affiliated entities, Julio Morillo Limardo, Esq., (who appeared in case 99-1012 (JAG) and appeal 03-1083] has kindly assumed representation in non-related cases NSRF2002-00666/10666 at the Tribunal de Primera Instancia/Sala Superior de Fajardo, where the collection of the ASUME child support judgment of more than $75,000 has been in progress for some time now, with the clear and present danger of causing my imprisonment for lack of payment of those child support arrears. For reasons of prudence I am inhibited presently from abusing of his kindness and asking him to appear here also for IEU. I am certain that once that case is resolved or at least in a state where it ceases to constitute a real threat of imprisonment, he would be willing and able to jump in this bandwagon if needed. Even when this case is vital for me, since it does not involve my liberty, I have been forced to ask for his help in the strictest order of priorities. I hope that this HC understands that *if jailed I would not be able to even file these documents*, much less continue ny quest for "Justice".

12. That because I am presently appearing Pro Se in tens of cases, due to my evident limitations

5

to retain counsel, including two at the U.S. Supreme Court, (04-7296 and 04-7297), plus various ones at the Federal Circuits and the Circuito de Apelaciones of Puerto Rico, I have been further reduced in my already scarce resources ( not only financial but also physical, and logistically wise) to retain counsel for IEU in the instant case.

13. That regardless of all of the above, it is an undisputed fact that even in the uneasy predicament I have been immersed for years, every time that I have had the resources, I have heretofore managed and been able to come up with counsel when it has been ordered by all forums, including this one. In this vein, no one can accuse me of not obeying the court orders or pretending to capriciously litigate. I have been forced to appear in representation of my affiliated entities during the intervals when I have been devoid of resources.

14. That for all the above stated reasons, I have not been able to retain nor hire legal representation for IEU at the present time, nor to persuade any lawyer to assume representation in a contingency basis, much less pro bono.

15. That the instant and related cases have taken more than nine (9) years of costly litigation, financially, emotionally, and in all other senses which should not be allowed to go down the drain under the present circumstances.

16. That there are very important and serious issues at stake here, that undoubtedly deserve a day in court and which affect not only myself and my family, but thousands of other persons who were negatively affected by the actions of some of the officials of the Defendant here and who should not in "Justice" lose all the efforts invested just for a lack of a reasonable extension of time under the circumstances to solve the problem that haunts us at this juncture.

17. That all of the above statements exclude the fact that the Defendant and the IRS are

collecting from me over $22,000,000 million dollars that I am allegedly responsible for, which with the interest accrued by now, surpass the $50,000,000 mark!

18. That with all the undisputed and easily verifiable facts that this HC has now judicial knowledge of, in terms of my predicament, it most certainly would recognize that I am definitely not the routinely run-on-the-mill "disgruntled" litigant the courts have taken me as, more often than not, and that I have objective reasons to fight and struggle for at least the day in court that has been unjustly heretofore denied, due to what I have denominated the blind "presumption of righteousness" that federal officers are spared by most federal judges, even when in occasions such as this, they have abused of this presumption and gotten away with their abuse of the legal process, incurred into malicious prosecution, suborn perjury, perjury, intimidation of witnesses and the obstruction of justice that the instant case has been saturated with, and that upon due time should become unmasked and uncovered for the sake of "Justice".

19. That for all the above stated reasons, I pray that this HC grants me an additional period of ninety (90) days to obtain counsel. Within this timeframe, I should be able to solve the issue of the renewal of the aforementioned contracts, which should result in providing me the financial resources to at least pay what I owe to Usera to see if he could reconsider his appearance or at least cover the expenses or costs related to what is left of this litigation to a new lawyer that could assume representation for IEU, if at least I can cover the monetary impact of this concept. As this HC would most certainly recognize, regardless of my good faith and that of a prospective lawyer, only if I can cover at least this portion of the expenses/costs, would I be able to get someone, especially under my predicament. So I pray.

20. That if I have been beseeching for a day in court for over nine years now, to no avail, I pray

7

that his HC does not deny me an extension of mere 90 days now. So I also pray.

I hereby declare that all of the above is true to the best of my knowledge and recollection and so I declare under the penalty of perjury, today, February 10, 2005 in Cidra, P.R.

Angel Ruiz Rivera
President-Founder of IEU/Pro Se
P.O. Box 191209
San Juan, P.R. 00919-1209.
787-714-1069.

EXHIBIT 1