IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| INSTITUTO DE EDUCACION UNIVERSAL,<br>    Plaintiff, | )<br>)<br>) |
| v. | ) CIVIL NO. 98-2225 (RLA)<br>) |
| UNITED STATED DEPARTMENT OF EDUCATION,<br>    Defendant. | )<br>)<br>)<br>) |

### <u>DEFENDANTS' OPPOSITION TO RUIZ'S MOTION FOR RULE 60(b) RELIEF</u>

TO THIS HONORABLE COURT:

COME NOW, the Defendants, the Department of Education and its Secretary, who respectfully STATE and PRAY through undersigned counsel:

1. This Court has repeatedly held in this case that Angel Ruiz-Rivera (Ruiz), a non-attorney, cannot represent the Instituto de Educacion Universal Corp. (IEU) because corporations may appear in court only though legal counsel. <u>See</u> Omnibus Order, filed Dec. 8, 2004, at 1, 3 (docket #79); Order Dismissing Individual Plaintiff, filed Oct. 30, 2000, at 1-2 (docket #26).  This Court has likewise repeatedly held that Ruiz is no longer a party who may pursue his own claims in this case because this Court's February 1999 judgment dismissed Ruiz's claims and Ruiz withdrew his appeal from that judgment. <u>See</u> Omnibus Order at 1 & n.2; Order Dismissing Individual Plaintiff at 1.  In light of Ruiz's repeated attempts to file documents in this case, the Court "admonished" Ruiz in December 2004 that "since he is not a party to this action and further, cannot represent IEU, any filings submitted by him in the future will be STRICKEN." <u>See</u> Omnibus Order at 3.

2. On August 19, 2005, Ruiz filed a "Motion for Relief from Judgment" (docket #92) which seeks relief under Fed. R. Civ. P. 60(b)(3).  In doing so, Ruiz has disregarded this Court's orders which forbid Ruiz from filing additional documents in this case.  For that reason alone, this Court should implement its previous orders by striking Ruiz's motion from the record.  <u>See</u> Omnibus Order at 3.

3. Even if this Court were to entertain Ruiz's motion, the motion should be denied. Ruiz ultimately seeks relief from the Court's February 1999 final judgment because that judgment dismissed Ruiz's individual claims. However, a motion seeking relief under Rule 60(b)(3) must be filed "not more than one year after the judgment," see Fed. R. Civ. P. 60(b), and Ruiz's failure to comply with this time limitation is an "absolute bar" to relief. See United States v. Marin, 720 F.2d 229, 231 (1st Cir. 1983); see also Ackermann v. United States, 340 U.S. 193, 197 (1950). As a result, Ruiz's untimely motion must be denied if entertained by the Court.

4. We note that even if this Court were inclined to grant Ruiz's motion, Ruiz's pending appeal to the First Circuit has deprived this Court of the authority needed to grant the motion. The First Circuit has joined several courts of appeal in holding that, when an appeal is pending, a "district court may not actually grant 60(b) relief" "until a remand is obtained" from the court of appeals. See Commonwealth of Puerto Rico v. SS Zoe Colocotroni, 601 F. 2d 39, 41-42 (1st Cir. 1979); see also Toscano v. Chandris, S.A., 934 F.2d 383, 386-87 (1st Cir. 1991) (following SS Zoe procedure); cf. also Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982) (the filing of a notice of appeal "divests the district court of its control over those aspects of the case involved in the appeal"). Consequently, this Court currently lacks the authority to grant Ruiz's motion, though it retains the authority to strike the motion or deny Rule 60(b) relief. See SS Zoe, supra ("the district court may, on its own, proceed to deny the 60(b) motion" even when an appeal is pending).

5. Finally, we note that the basis for Ruiz's request for relief under Rule 60(b)(3) is alleged fraud, misconduct, and misrepresentation by government officials and attorneys. See Mot. at 1. We believe Ruiz's allegations of wrongdoing are frivolous and will not dignify them with a response unless this Court withdraws from its December 2004 order indicating that Ruiz's future submissions would be stricken from the record. We simply note for now that Ruiz has previously made similar frivolous claims against officials (including jurists) who have disagreed with Ruiz's legal contentions.[1]

---

[1] For example, District Court Judge José A. Fusté entered judgment against Ruiz on Ruiz's Bivens claims alleging misconduct by various Department of Education officials. See Ruiz

WHEREFORE, the Department of Education and its Secretary respectfully request that this Honorable Court (1) strike Ruiz's Rule 60(b) motion from the record or, in the alternative, (2) deny the motion as untimely. If this Court decides to entertain the motion and not dismiss it as untimely, we request the that Court issue an order granting us 30 days from the date of its order to file a supplemental opposition to Ruiz's motion.[2]

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System and I will send notification via regular mail to Plaintiff Angel Ruiz (Pro Se), P.O. Box 191209, San Juan, Puerto Rico 00919-1209.

RESPECTFULLY SUBMITTED in San Juan, Puerto Rico, this 12th day of September 2005.

> H.S. GARCIA
> United States Attorney
>
> s/Isabel Muñoz Acosta
> ISABEL MUNOZ ACOSTA
> Assistant U.S. Attorney
> USCD-PR #128302
> Torre Chardón, Suite 1201
> 350 Carlos Chardón Street
> San Juan, Puerto Rico 00918
> Direct Telephone: (787) 282-1841
> Telephone: (787) 766-5656
> Facsimile: (787) 766-6219
> E-Mail: Isabel.Munoz@usoj.gov

---

Rivera v. Riley, 209 F.3d 24, 27 (1st Cir. 2000) (affirming Judge Fusté's rulings). Ruiz brought a judicial misconduct complaint against Judge Fusté, which (then Chief) Circuit Judge Juan R. Torruella dismissed. After the First Circuit Judicial Council denied Ruiz's petition for reconsideration, Ruiz promptly sued the members of the Council (including all but one of the then-active judges of the First Circuit) in their individual capacities for money damages. See Orders in Ruiz Rivera v. Selya, No. 00-CV-1609 (D.P.R.), filed June 30 and July 18, 2000 (attached as Exhibits 1 and 2). When the district court summarily dismissed Ruiz's claims and Ruiz appealed the dismissal, the First Circuit held that Ruiz's action was "frivolous." See Order entered Oct. 30, 2000 in Appeal No. 00-2155 (attached as Exhibit 3). The same can be said of Ruiz's current allegations of misconduct.

[2]Should we file a supplemental opposition that addresses the merits of Ruiz's frivolous claims, we may seek appropriate sanctions against Ruiz personally under Fed. R. Civ. P. 11(c).