UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

*RECEIVED AND FILED*
*00 JUN 30 PM 2: 01*
*CLERK'S OFFICE*
*SAN JUAN, P.R.*

ANGEL RUIZ RIVERA

    **Plaintiff**

v.                                      Civil No. 00-1609 (DRD)

SELYA, BOUDIN, STAHL, LIPEZ,
BRODY, WORK, DI CLERICO, AND
TORRES all in their personal capacity

## ORDER

On May 17, 2000, Plaintiff filed a Complaint against each one of the members of the Judicial Council of the First Circuit for their denial of a petition for reconsideration of a decision by Honorable Chief Judge Juan R. Toruella dismissing a Complaint of Judicial Misconduct against District Judge José Fusté. Plaintiff alleges that this action was taken by each one of the Judicial Council members in their personal capacity and, therefore, judicial immunity does not bar his Complaint. The Court, however, disagrees, as the adjudication of allegations contained in a complaint for judicial misconduct is clearly a judicial, rather than an administrative, function protected by the doctrine of judicial immunity. See Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989); Cleavinger v. Saxner, 474 U.S. 193, 106 S.Ct. 498 (1985); Stump v. Sparkman, 435 U.S. 349, 98 S.Ct. 1099 (1978); Butz v. Economou, 438 U.S. 478, 98 S.Ct. 2894 (1978); Pierson v. Ray, 386 U.S. 547, 553-54, 87 S.Ct. 1213, 1217, 18 L.Ed.2d 288 (1967) (under federal law judges are immune from liability for damages for acts committed within their judicial jurisdiction so long as they have jurisdiction over the subject matter). To that effect, see the Eight Circuit Court of Appeals' statement in the case of Petition of Doe, 70 F.3d 56, 60 (8th Cir. 1995):

> When a circuit judge reviews and determines the allegations contained in a judicial misconduct complaint, the judge is performing a judicial function cast upon the judge by the requirements of a Congressionally enacted statute. The judge must make a determination of the merits of the complaint and decide, first, whether it addresses matters covered by the statute and, second, whether the conduct complained of is "prejudicial to the effective and expeditious administration of the business of the courts." 28 U.S.C. § 372(c)(1). In making those determinations, the judge should be and is clothed with the same cloak of judicial independence arising from Article III of the Constitution as when the judge determines any other case or controversy arising under federal law. In the case of successive judicial complaints where the allegation is made by the complainant that the previous judge who determined the prior complaint committed misconduct because the complainant objects to the merits or procedural decision the judge made on the prior judicial complaint, the successive judicial complaint should be dismissed because the

**EXHIBIT 1**

successive complaint is "directly related to the merits of a decision or procedural ruling." 28 U.S.C. § 372(c)(3)(A)(ii). The present complaint fits this mold and should be dismissed for this alternative reason as well.

Given the application of the doctrine of judicial immunity to Plaintiff's Complaint, the Court hereby summarily dismisses Plaintiff's Complaint with prejudice.

IT IS SO ORDERED.

DATE: June 30, 2000

DANIEL R. DOMINGUEZ
U.S. DISTRICT JUDGE

N \00-1609 DIS